**Mersen Georgievich MARYANYAN; et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–75254.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Stephen Shaiken, Esquire, Law Office of Stephen Shaiken, San Francisco, CA, for Petitioners.

Lance Lomond Jolley, Esquire, OIL, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Mersen Georgievich Maryanyan, his wife, Marina Nikolayevna Maryanyan, and their children, natives of the former Soviet Union and citizens of Russia, petition for review of the Board of Immigration Appeals' decision dismissing their appeal from an immigration judge's order denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review Maryanyan's challenge to the BIA's denial of the request for voluntary departure for the lead petitioner. *See* 8 U.S.C. § 1229c(f) (no court shall have jurisdiction over an appeal from the denial of voluntary departure). Accordingly, we dismiss the petition as to his voluntary departure claim.

■ Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Maryanyan's testimony and his asylum application with respect to the 1995 and 1999 arrests. *See Kohli v. Gonzales,* 473 F.3d 1061, 1071 (9th Cir.2007) (discrepancies between petitioner's testimony and declaration, *inter alia,* substantially support adverse credibility finding). In the absence of credible testimony, Maryanyan failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, because Maryanyan's CAT claim is based on the same testimony that agency found not credible, and he points to no other evidence the agency should have considered, substantial evidence supports the agency's denial of CAT relief. *See id.* at 1156–57.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.